IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 06-CR-62-TCK ) |
| RICHARD MAYNOR BLACKSTOCK, | ) Civil No. 09-CV-87-TCK-TLW ) Civil No. 09-CV-635-TCK-PJC |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 155) ("§ 2255 Motion") filed by Defendant Richard Maynor Blackstock ("Defendant").[1]

**I.     § 2255 Motion**

On June 22, 2006, a jury convicted Defendant of 32 counts of aiding and assisting in the preparation of fraudulent tax returns, and Defendant was sentenced to forty-eight months imprisonment.[2] Following his direct appeal, the Tenth Circuit affirmed Defendant's convictions and held that (1) the indictment was sufficient; (2) this Court had personal jurisdiction over Defendant and subject matter jurisdiction over the criminal proceeding; (3) the Court properly submitted the "knowledge" element to the jury; (4) the Court did not commit constitutional sentencing errors; and (5) Defendant's ineffective assistance of counsel arguments were premature. *United States v.*

---

[1] By letter dated October 13, 2009 (Doc. 164), Defendant indicated that his September 29, 2009 filing (Doc. 164) was intended to be filed with the Tenth Circuit. Therefore, such motion will be denied as moot.

[2] Defendant has been released since the filing of his § 2255 Motion, but this does not render the motion moot. *Prost v. Anderson*, 636 F.3d 578, 582 (10th Cir. 2011) ("[A] habeas petition challenging a conviction isn't mooted by a prisoner's release from incarceration because the Court is willing to presume that the fact of conviction has continuing collateral consequences.") (internal quotations omitted).

*Blackstock*, 245 Fed. Appx. 746, 751 (10th Cir. 2007). On February 10, 2009, Defendant filed a document entitled Petition for Writ of Error Coram Nobis, which the Court construed as a § 2255 Motion. (*See* Doc. 156.) The Court provided Defendant notice of conversion of the motion and gave him an opportunity to amend or withdraw the motion. Defendant did neither, and the § 2255 Motion is ripe for consideration.

It is difficult to discern the legal grounds for Defendant's § 2255 Motion. The Court agrees with the United States that the motion raises three cognizable arguments: (1) the trial court lacked jurisdiction over Defendant's person or the criminal proceeding; (2) counsel for the United States committed prosecutorial misconduct by withholding jurisdictional facts from the grand jury and trial court; and (3) the indictment was not signed by the Grand Jury foreperson. The Court will address each argument.

### A. Jurisdiction

Defendant continues to argue, as he has done throughout these proceedings, that the Court lacks jurisdiction over Defendant's person or this criminal action. This argument was raised and rejected on direct appeal and is therefore procedurally barred. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) (absent intervening change in law of circuit, issues disposed of on direct appeal will not be considered on § 2255 collateral attack).

### B. Withholding of Jurisdictional Facts

Defendant has offered no description of what "exculpatory jurisdictional facts" were allegedly withheld by the United States, nor does he offer any factual basis to support this claim. Therefore, this arguments consists of "conclusory allegations" without factual support, which are insufficient to state a valid claim under § 2255. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th

Cir.1994) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255).

### C.     Grand Jury Foreperson's Signature on Superseding Indictment

Defendant complains that the Superseding Indictment he viewed did not contain the grand jury foreperson's signature, in violation of his constitutional rights. Defendant is correct that, pursuant to N.D. LCvR 47.1(g)(3)(B), the publically available version of an indictment does not contain the grand jury foreperson's signature. However, this rule also provides that "[a] paper indictment manually signed by the grand jury foreperson shall be retained under seal in the office of the Court Clerk" and made "available for viewing to the attorneys representing the parties under indictment." N.D. LCvR 47.1(g)(3)(B). The Court has verified that the paper copies of the Indictment and Superseding Indictment in this case contained the grand jury foreperson's signature. Therefore, to the extent Defendant argues that the indictments were never signed, this argument is factually incorrect. To the extent Defendant contends that the signature must be made publically available in order to avoid violation of a defendant's constitutional rights, the Tenth Circuit has held otherwise. *See United States v. Curls*, 219 Fed. Appx. 746, 751-52 (10th Cir. 2007) ("Rule 6(c) does not require the signature of the foreman to appear in the copy of the indictment that is placed in the public file. Moreover, even if that rule, or some other authority, did impose such a requirement, Mr. Curls has failed to establish that dismissal of the indictment would be an appropriate remedy."). Therefore, this argument is factually and legally without merit.

## II.    Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate

of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**III. Conclusion**

Defendant's § 2255 motion (Doc. 155) is DENIED, and a certificate of appealability is denied. Defendant's subsequent filing (Doc. 164), which Defendant inadvertently filed in this Court, is DENIED as moot. A separate Judgment shall be entered.

SO ORDERED this 23rd day of August, 2012.

*Terence C Kern*
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE